KNOLL, Judge.
Charles L. Hall pleaded guilty to possession of cocaine, a controlled dangerous substance, in violation of LSA-R.S. 40:967(C). Defendant appeals his sentence of four years at hard labor, contending that his sentence is excessive and that the sentencing court failed to consider the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. We affirm.
The sentencing court favored us with written reasons for sentence which we adopt and set forth herein:
“Defendant, Charles Leon Hall, a 36-year old, single, black male, is before the Court for imposition of sentence, following his plea of guilty to having committed the offense of Possession of a Controlled Dangerous Substance, Schedule II, Cocaine, in violation of LSA-R.S. 40:967(C).
The Court ordered, received, and has reviewed a pre-sentence investigation report concerning the defendant.
The facts of the case are that this defendant, together with his co-defendant, Donna Annette Garner, drove from Many to a point in Texas, where cocaine was obtained and returned to Sabine Parish. An informant in Texas notified Sabine Parish authorities of the purchase, and Sabine Parish law enforcement officers were waiting on the Louisiana side of Pendleton Bridge when Defendant Hall and his co-defendant, Donna Annette Garner, crossed into Louisiana. They were stopped, searched, and 18 bags of cocaine was [sic] found on Donna Annette Garner. None was found on the person of Defendant Hall.
It is clear that Defendant Hall knowingly drove Donna Annette Garner to St. Augustine, Texas, for the purpose of purchasing cocaine.
The Court has reviewed the sentencing guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure in arriving at an appropriate sentence.
The Court is of the opinion that a prison sentence is appropriate in this case, for the following reasons:
1) There is undue risk that during the period of a suspended sentence, or probation, the defendant will commit another crime.
This conclusion is based on the fact that defendant has a prior criminal record. He was placed in jail in Houston, Texas, in 1971, at age 17 years, for theft.
He was convicted of Attempted Simple Burglary in Sabine Parish, Louisiana, in 1976, and given a hard labor sentence to the Department of Corrections and placed on probation.
He was convicted in 1978 of hit and run driving, and given a jail sentence.
He is now before the Court on his plea of guilty to Possession of Cocaine which offense was committed in concert with a co-defendant who pled guilty to Possession of Cocaine With Intent to Distribute. This record, and the variety and nature of the offenses leads this Court to the conclusion that there is undue risk that defendant will commit another crime dur *985 ing a suspended sentence, or while on probation.
Also, the Court is of the opinion that a lesser sentence than one of imprisonment will deprecate the seriousness of the defendant’s crime.
The seriousness of the drug traffic, particularly in Cocaine, is well documented and well known.
This defendant, while having pled guilty to possession, was knowingly transporting a codefendant who was admittedly engaged in purchasing cocaine for distribution.
A failure on the part of this Court to impose an appropriate prison sentence on this defendant, would deprecate the seriousness of the offense.
The Court has reviewed the provisions of Paragraph B of Article 894.1, relative to grounds which should be considered in determining whether a suspended sentence, or probation should be accorded a defendant in a particular case.
The Court has reviewed the entire pre-sentence investigation report and applied the sentencing guidelines.
The Court finds that the first eight sub-parts are inapplicable and subpart (9) and (10) too speculative to be of any significant weight.
Neither is subpart (11) of any weight favorable to defendant.
Defendant, who quit school at age 16 years, after one month in the tenth grade, has held various jobs until becoming disabled to work in 1987.
He is not married and has no dependents. He lives with his father.
There is nothing to indicate that any excessive hardship will occur to defendant by his imprisonment.
Subpart (12) is inapplicable, defendant stating that he has no drug problem. Accordingly, there is no valid basis for either a suspended sentence, or probation.
The sentence of the Court is that defendant be placed in the Custody of the Louisiana Department of Corrections, at hard labor, for a period of four years.”
COMPLIANCE WITH LSA-C.CR.P. ART. 894.1
LSA-R.S. 40:967(C)(2) provides that the maximum period of incarceration for possession of cocaine is five years. Defendant first contends that since his sentence is only one year short of the maximum sentence authorized by statute, the sentencing court failed to follow the sentencing guidelines which would justify the sentence imposed.
The jurisprudence is well established on the issue of compliance with LSA-C.Cr.P. Art. 894.1 and will not be repeated. See State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983). Nevertheless, if an appellate court is to set aside a sentencing court's sentencing choice, three factors should be considered: the nature of the crime; the nature and background of the offender; and the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983).
Defendant raises two mitigating factors which he contends the sentencing court failed to consider, namely: the length of time since his last encounter with the law and his disability caused by the amputation of one of his legs.
LSA-C.Cr.P. Art. 894.1(B)(7) provides, in pertinent part, that the sentencing court should consider as a mitigating factor that the defendant has led a law-abiding life for a substantial period of time before commission of the instant offense.
In the case sub judice, the record reflects that defendant was imprisoned in 1971 in Texas for theft, and received a suspended sentence and probation in Sabine Parish in 1976 for attempted simple burglary. In addition, defendant was convicted in 1978 of hit and run driving, a misdemeanor, and was given a jail sentence. The sentencing court’s reasons show that it carefully reviewed the presen-tence investigation report which detailed defendant’s criminal history. In its written reasons for sentence, the sentencing court concluded, “[T]he variety and nature of the offenses lead this Court to the conclusion *986 that there is undue risk that defendant will commit another crime during a suspended sentence, or while on probation.”
After reviewing the record, which includes the presentence investigative report, we cannot say that the sentencing court improperly weighed defendant’s prior criminal record in supporting its sentencing choice.
Defendant next contends that the sentencing court failed to consider that he was disabled because one of his legs was amputated.[1] The sentencing court did not specifically mention the amputation of defendant’s leg, but noted that defendant held various jobs until he became disabled to work in 1987, that he was not married, had no dependents, and that he lived with his father. Serious health problems are to be considered in determining the imposition of sentence. State v. Young, 532 So.2d 301 (La.App. 3rd Cir.1988), writs denied, 538 So.2d 588, 589 (La.1989). The record in the case sub judice does not support that the sentencing court failed to consider defendant’s disability in deciding that a sentence of imprisonment would not entail excessive hardship. We are not insensitive to defendant’s disability, but we find the disability offers no reason for mitigation of a sentence for a thirty-six year old defendant, with a prior criminal record, who engages in illegal drug activities. The disability did not prevent defendant from violating the criminal law and should also not prevent him from serving his sentence.
The sentencing court further stated that subparts one through eight of LSA-C. Cr.P. Art. 894.1(B) were inapplicable and that subparts nine and ten were too speculative to be of any significant weight. Although there is nothing in the record to show any evaluation of defendant’s character and attitude, the record shows that defendant’s prior probationary sentence was ineffective because, as indicated by his commission of the crime in the case sub judice, it is obvious that ultimately defendant did not respond affirmatively to probationary treatment.
Therefore, we cannot say that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1.
Defendant next contends that his sentence was excessive. Although defendant’s sentence is in the upper range of the allowable sentences which could be imposed, the record does not support that the sentencing court abused its discretion. Under the circumstances of this case, we find the sentence imposed neither offends our sense of justice nor does it constitute a needless imposition of punishment.
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.

. The record does not say which leg was amputated or the extent of the amputation.