724 So.2d 810 (1998)
STATE of Louisiana, Appellee,
v.
William JONES, Appellant.
No. 31,569-KA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
Peggy Sullivan, Louisiana Appellate Project, Monroe, for Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, District Attorney, Penny Wise-Douciere, Assistant District Attorney, for Appellee.
*811 Before HIGHTOWER, GASKINS and CARAWAY, JJ.
PER CURIAM.
The defendant, William Jones, pled guilty to attempted distribution of marijuana and was sentenced to five years at hard labor. The defendant appeals, claiming that the trial court imposed an excessive sentence. We affirm.

FACTS
In February 1997, Richland Parish law enforcement officials obtained a warrant authorizing a search of the New Jack City Bar, an establishment owned and operated by the defendant, for controlled dangerous substances. While officers executed the warrant, the defendant removed a plastic bag from a cabinet and placed it under his jacket. The bag contained 6.6 ounces of marijuana. The defendant admitted ownership of the marijuana and said he sold it to bar patrons. Scientific analysis confirmed the identity of the substance.
The original charge against the defendant was possession of marijuana with intent to distribute, a violation of La. R.S. 40:966, which carries a sentencing range of five to 30 years at hard labor. The state agreed to accept his plea of guilty to an amended charge of attempted distribution of marijuana, a violation of La. R.S. 40:966 and 40:979, which is punishable by a term of imprisonment at hard labor of no more than 15 years. The trial court imposed a sentence of five years at hard labor. The defendant's timely motion for reconsideration was denied, and he appeals his sentence as excessive.

LAW
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Here, the trial court's compliance with article 894.1 is readily apparent.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La. App.2d Cir.4/2/97), 691 So.2d 345.
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
For purposes of sentencing, the court may draw from sources beyond mere convictions, including prior arrests and suspicions of criminal activity (hearsay), without actual proof the defendant committed other offenses. State v. Anderson, 30,060 (La. App.2d Cir.10/29/97), 702 So.2d 40.

DISCUSSION
The defendant argues that his low-range sentence is excessive and reiterates matters in mitigation which the record shows the trial court considered. He further suggests that the court should not have considered information from Louisiana State Police authorities that the defendant was known to them as a drug dealer in the area.
Prior to imposing sentence, the trial court reviewed the defendant's presentence investigative (PSI) report. The court noted that sentencing had been postponed due to the recent death of the defendant's wife. Although *812 the defendant is 63 years old, he is a fourth felony offender with convictions for theft in 1952 and 1954 and simple burglary in 1959. He received a pardon in 1969. The court considered the facts of the case, noting that the reduction of the charge decreased the defendant's sentencing exposure to a maximum of 15 years. The defendant had family ties to the community which went back over three decades. He had never attended school but had been employed in the scrap iron-hauling business for years. He has three adult children. The defendant suffers from diabetes and heart problems. The defense presented many favorable character references; however, the state police indicated the defendant had been selling drugs in the area for a long period of time.
On this record, we do not find constitutional error. The fact that the defendant has a disability is not persuasive mitigation since his physical difficulties did not prevent him from possessing marijuana and, by his own admission, selling it to his bar's patrons. Equally, the fact that his prior offenses occurred quite some time ago does not mandate a lesser sentence. See State v. Hall, 562 So.2d 983 (La.App. 3d Cir.1990). The defendant received a substantial benefit from his plea bargain. The sentence imposed is a mere one-third of the maximum. Under the circumstances of this case, and giving due consideration to the defendant's background, the period of imprisonment adjudged is not inappropriate for this mature offender.
The sentence imposed does not shock the sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, it is not constitutionally excessive.
This assignment of error lacks merit.

ERROR PATENT
We have reviewed the record for error patent under La.C.Cr.P. art. 920(2). We note that the trial court erroneously advised the defendant during his guilty plea that the minimum sentence for the offense of conviction was two and one-half years. There is no statutory mandatory minimum sentence in cases involving attempted drug offenses. State v. Callahan, 95-1331 (La.3/29/96), 671 So.2d 903. Since there is no indication the trial court was under a misapprehension as to the minimum at the time sentence was imposed, and since the defense made no objection to the court's presentence advice, we deem the error harmless.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
HIGHTOWER, J., concurs.