DREW, J.
The state charged defendant in four separate cases with distribution of cocaine on various dates in 1998. Pursuant to a plea agreement, the state reduced the charges to attempted distribution and further agreed that the sentences to be imposed would be served concurrently. The court accepted defendant’s guilty pleas to the reduced charges and later sentenced him to serve concurrent terms of 15 years on each charge, with three years of each being suspended. A timely motion to reconsider sentence was denied. Defendant appeals his sentence as excessive. We affirm.
The matters of record show that defendant distributed cocaine to a cooperating individual (Cl) on four dates in 1998: June 18, 22, 26 and August 5. Each sale involved one or two rocks of crack. During the first sale, defendant took $200 from the Cl to pay for drugs previously purchased on credit. After a fifth (uncharged) sale of cocaine by defendant to the same Cl which occurred on August 24, 1998, the police executed a search warrant on defendant’s residence. The police found more cocaine, 16 firearms and over $3,350 in cash.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Our review of the record discloses that the district court’s articulation of reasons is adequate to support the sentence.
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
*363 A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the offense pled. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the district court reviewed a report which elaborated the facts of the case and the 49-year-old defendant’s background. The court noted that defendant had been charged in four separate counts; however, his plea bargain reduced the charges and secured the state’s agreement that the sentences would be served concurrently. Defendant was known to law enforcement authorities as a major drug dealer. In mitigation, the court considered the many letters provided by defendant’s family and friends. The court found defendant was in need of correctional treatment and that there was a risk of him committing another offense if granted probation. The court also observed that selling drugs is a serious offense and found that a lesser sentence would deprecate the seriousness of the offense.
Defendant urges in brief that in addition to imposing an excessive sentence, the district court failed to adequately consider mitigating circumstances. |3Pefendant points out that he is a high school graduate, that he is married with four children who live in his home, that he was drawing social security payments due to illness, and that he was well thought of in the community.
The jurisprudence clearly holds that there is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record indicates that the district court was aware of and considered each of the matters defendant suggests in mitigation.
On this record, we do not find constitutional error. Defendant was not a youthful offender. He obtained a very substantial benefit from his plea bargain, having reduced his sentencing exposure from 120 years to 15 years. The district court granted further leniency by suspending execution of three concurrent years of each sentence and by ordering the probation to be served concurrently. The pled offenses fail adequately to describe defendant’s conduct. Based on the number of transactions involved, it can be concluded that defendant was heavily involved in drug trafficking. The sentence imposed does not shock our sense of justice. Nor does the term of imprisonment imposed constitute an abuse of the district court’s sentencing discretion. The sentence is not constitutionally excessive.
Our error patent review discloses that the trial court erred in advising defendant, during the guilty plea colloquy, that the minimum sentencing exposure he faced was two and one-half years at hard labor. There is no statutory mandatory minimum sentence in cases involving attempted drug offenses. State v. Callahan, 95-1331 (La.3/29/96), 671 So.2d 903; State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810. Under the circumstances, the court’s | ¿misstatement is harmless error and does not warrant any corrective action relative to the guilty plea or sentence.
The conviction and sentence are affirmed.