11 STEWART, Judge.
The defendant, Louis French, Jr. (“French”), was indicted on charges of possession of 200 to 400 grams of cocaine, possession of 400 or more grams of cocaine, and manufacture of cocaine. He entered into a plea bargain under which the state agreed to dismiss and re-file the charges as two counts of possession of cocaine with intent to distribute. The state also agreed not to charge defendant as a habitual offender and to allow the sentences to be served concurrently. Following a lengthy sentencing hearing, the district court imposed sentences of 19½ years at hard labor on each count and denied a timely motion for reconsideration. We find no merit to defendant’s claim that his sentences are excessive and affirm.
FACTS
The matters of record show that in July 1998 the Monroe Metro Narcotics Unit received information from a cooperating individual (Cl) who provided information that French was a major supplier of cocaine in the Monroe area. The Cl met the defendant at a pre-arranged location to make a purchase, which fell through due to a dispute about payment. The police arrested French at the scene and after a brief struggle, found him to be in possession of 255 grams (about 9 ounces) of cocaine. A consent search of French’s residence yielded three quarters of a kilogram of powder cocaine, $38,000 in cash, and paraphernalia used to manufacture cocaine. A confidential reliable informant (CRI) informed the authorities that French had told the CRI that defendant had been converting powder cocaine to crack. Laboratory analysis confirmed the identities of the substances involved.
I .DISCUSSION
French argues that his sentence is excessive, that information provided at a presentence hearing was hearsay, and that the district court should have set forth more specific reasons for sentence. We note that the latter claim is totally without merit, considering that the trial court’s discussion of the reasons for sentence comprises over 30 pages of transcribed discourse.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the tidal court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the *252 likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). Here, as -will be shown below, the trial court’s articulation of reasons for sentence was more than adequate to comply with the jurisprudential requirements.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App. 2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App. 2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record adequately indicates that the trial court was aware of the mitigating matters mentioned by appellate defense counsel prior to imposing sentence.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v.. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1113 (1992); State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392. Here, defendant’s prior conviction for a similar drug-trafficking offense would weigh heavily to uphold even a more severe sentence than that imposed.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Jones, 31,569 (LaApp. 2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App. 2d Cir.10/29/97), 702 So.2d 40, 42.
Prior to imposing sentence, the district court conducted a lengthy, contradictory sentencing hearing. The testimony adduced showed that a CRI advised the FBI that the CRI had been present when French had obtained a half kilo of cocaine. A second CRI advised from personal experience that French “was bringing in large amounts of cocaine and ... would distribute it.” The quantities of narcotics and cash involved, plus the residue of cocaine found in a microwave and on kitchen utensils at French’s residence, led the FBI to characterize him as a major supplier and manufacturer of crack cocaine.
| ¡¡During the sentencing colloquy, the court noted the reduction of charges ob *253 tained by defendant through his plea bargain and the concurrent sentences called for by the agreement. The court then referred to a lengthy PSI and to the information obtained at the prior hearing. The court reviewed the facts of the case and noted that French is an intelligent adult who is one semester short of having a college education. The court discussed his family background. He had no juvenile record but his adult record established that he was a major drug dealer in the parish. He had been arrested in Arkansas in 1995 for dealing cocaine and was on probation from that offense at the time of the instant offenses. The court then reviewed French’s educational and employment records. He was 28 years old at the time of sentencing. The cocaine seized from him was 88 percent pure, whereas the normal purity with which the court was familiar was 5 to 15 percent. The court noted that had this cocaine been cut to the normal purity, its value would be in excess of $180,000. The court also considered and discussed letters from defendant’s family members and friends, the guidelines of La.C.Cr.P. art. 894.1, and the aggravating and mitigating factors, including defendant’s age and family background.
On this record, we do not find constitutional error. French was a major dealer of controlled dangerous substances who made his living from drug trafficking. He was on probation for a similar conviction at the time of the instant offenses. He obtained great leniency from his plea bargain which reduced his sentencing exposure from a mandatory sentence of life without benefits to concurrent terms of no more than 30 years with much lower mandatory mínimums. The mid-range sentences imposed are lawful. RThe combined sentences are not grossly disproportionate to the severity of the offenses committed by this repeat offender nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the sentence is not constitutionally excessive. The assigned errors are without merit.
We have examined the record for error patent but found none.
The convictions and sentences are affirmed.
AFFIRMED.