JJDREW, J.
The state charged defendant Yates with one count of distribution of cocaine, a violation of La. R.S. 40:967 punishable [at the time of the offense] by imprisonment for not less than five years nor more than thirty years, the first five years of which must be served without benefits, plus a possible fine. The state agreed to reduce the charge to attempted distribution of cocaine. Defendant pleaded guilty to the amended charge. The district court imposed a sentence of ten years at hard labor and denied a timely motion for reconsideration of sentence. Defendant argues his sentence is excessive. We disagree, and accordingly, affirm.
The matters of record disclose that on May 5, 2001, defendant made a sale of one rock of crack cocaine to a confidential informant in Springhill. The crime lab verified the suspect substance was cocaine.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated solely to a claim of constitutional exces-siveness.[1] State v. Mims, 619 So.2d 1059 (La.1993).
Prior to imposing sentence, the district court considered a PSI report and noted the reduction of sentencing exposure defendant had obtained through his plea bargain. Although defendant was classified as a first | ^felony offender, he had an extensive criminal history, including misdemeanor convictions for disturbing the peace, criminal damage to property, simple battery, and illegal possession of stolen things. He had a tenth grade education and had not obtained a GED. He admitted to the use of marijuana, crack cocaine and alcohol. He had been charged with subsequent offenses of theft and simple battery between the date of his guilty plea and the sentencing in this ease.
On this record, we do not find constitutional error. As originally charged, defendant, age 22 at the time of sentencing, had a sentencing exposure of five to thirty years at hard labor. Through his plea bargain, he reduced his maximum sentencing exposure by one-half and pleaded guilty to a charge which does not adequately describe his criminal conduct. The jurisprudence noted above would uphold the imposition of even the maximum authorized sentence in this case. See also, State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1113 (1992).
*710 The trial court adequately discussed defendant’s background. We note, in addition, that he has a history of occasional menial employment and has fathered three children with a live-in girlfriend. Two of the children live with their grandmother.
The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence which, under the facts and circumstances of this case, is not constitutionally excessive.
[.¡DECREE
The conviction and sentence are AFFIRMED.

. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,-100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.