NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-1351

STATE OF LOUISIANA

VERSUS

ANTHONY J. ROGERS

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72083
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain
Judges.

                                                            **AFFIRMED.**

Asa Allen Skinner
District Attorney, Thirtieth Judicial District Court
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
State of Louisiana

       *Honorable David E. Chatelain participated in this decision by
appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207**
**(318) 387-6124**
**Counsel for Defendant/Appellant:**
**Anthony J. Rogers**

**Terry Wayne Lambright**
**100 South Third Street, Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

On April 17, 2007, the State charged Defendant, Anthony J. Rogers, with two counts of distributing cocaine, in violation of La.R.S. 40:967. On April 9, 2009, Defendant entered into a plea agreement with the State and pled guilty to two counts of attempted distribution of cocaine.

The trial court sentenced Defendant on June 24, 2009. The trial court ordered Defendant to serve ten years at hard labor for each conviction, designated that the penalties were to run concurrently, and credited Defendant with time served. On July 13, 2009, the Defendant filed a motion to reconsider sentence with the trial court. After conducting a hearing on Defendant's motion, the trial court denied relief.

## FACTS

On or about August 3, 2006, Defendant distributed cocaine twice. The crime lab confirmed that the substance distributed by Defendant was cocaine.

## DISCUSSION

Defendant contends, "The sentence imposed was unconstitutionally harsh and excessive given the facts and circumstances of this case." Defendant argues that the trial court did not give adequate weight to the mitigating factors in his case, and although the sentencing court stated it considered the La.Code Crim.P. art. 894.1 sentencing guidelines, it failed to adequately articulate the factors it considered in sentencing Defendant. Defendant asserts that, though this was his fourth felony conviction, he had not had any criminal activity between 1992 and the date of the instant offense. Defendant continues that he had already paid restitution to the Vernon Parish Task Force and over two thousand dollars to Statewide Prisoner Extradition. Defendant claims, moreover, that the trial court improperly considered

his arrest record when the State was not sure those offenses could be attributed to him. Based on these contentions, Defendant asks that his sentences be vacated.

The State responds that the trial court did not abuse its discretion in sentencing Defendant. The State adds that Defendant's status as a fourth felony offender is an adequate basis for imposing concurrent ten-year sentences for the instant offenses. The State further relates that Defendant's motion for reconsideration of sentence was limited to a claim of bare excessiveness, so this court's review is limited to the same. The State continues that Defendant benefitted significantly from his plea agreement; Defendant's sentencing exposure was reduced by half because he pled to attempted distribution instead of the actual distribution with which Defendant was charged. Additionally, as part of the plea agreement, the State agreed not to file habitual offender proceedings against Defendant. The State also alleges that the trial court ordered the penalties to run concurrently, even though the offenses occurred two months apart.

This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article 1] § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted)(second alteration in original).

Under La.R.S. 40:967(B)(4)(b), distribution of cocaine is punishable by "a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence" and also by a discretionary fine of not more than $50,000. Being convicted of an attempted distribution of cocaine reduced Defendant's sentencing and fine exposure by half. La.R.S. 14:27(D)(3). Thus, the penalty range for attempted distribution of cocaine was zero to fifteen years at hard labor. Therefore, Defendant's ten-year hard labor sentence fits within the statutory sentencing range for the offense; it is two-thirds the maximum penalty provided by law.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

State v. Smith, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." State v. Smith, 433 So.2d 688, 698 (La.1983).

The trial court began the sentencing hearing by stating certain facts for the record:

> Mr. Anthony Rogers comes before the court, this [sic] is - - 40 years old. . . . The facts are this defendant sold drugs to an undercover agent. The plea agreement was to plead to two counts of attempted

distribution, restitution of $80 to the Task Force, $2,178.30 to the Statewide Prisoner Extradition, dismissed bail jumping charges and agree [sic] not to file a habitual offender proceedings [sic] and they reduced the bond to $10,000. The Court considers the sentencing guidelines under Article 894.1, the pre-sentence report and its contents.

The trial court then gave the parties an opportunity to add to those facts, and the defense pointed out that, though Defendant had a prior criminal history, he had not had any felony convictions in the sixteen years prior to his arrest for the instant offense.

The district court responded:

All right, the Court considers the comments by defense counsel pointing out that it has indeed been a while since this defendant has received another felony. The problem is this is his fourth felony dating all the way back to 1986 in Hinesville, Georgia. Then he's been involved with drugs in Mansfield. Received a distribution of Schedule II drugs, was not indicted on that. But he pled guilty or was convicted of second degree murder and received a seven year sentence on that. 2001 - - in '98 has misdemeanor charges, criminal damage to property. Disturbing the peace, criminal trespassing, 2001. Theft of property, 2003. That was dismissed by the city prosecutor. 2004 theft of property, resisting arrest. 2004 simple battery. 2007 was the instant offense. He hasn't lived a law abiding life in the last ten years. The Court takes that into account and believes that there's an undue risk that during a period of suspended sentence or probation you might commit another offense. I also feel that a lesser sentence will deprecate the seriousness of this conduct.

On July 13, 2009, the defense filed a motion to reconsider sentence with the district court. In his motion, Defendant argued the information in the presentence investigation report was not accurate because it showed either arrests or convictions that were not his. Defendant contended, therefore, that the trial court should reconsider his sentence.

On September 1, 2009, the trial court conducted a hearing on Defendant's motion to reconsider. At the hearing, the defense asserted that Defendant had not been convicted of the offenses he asserted in his motion; instead, Defendant had a 1988 felony drug conviction in Georgia, a 1992 felony aggravated battery conviction

4

in Sabine Parish, a 1992 felony drug conviction in Vernon Parish, and no additional criminal activity since.

The State added that there was also a legitimate question about the criminal activity listed in the presentence investigation report but not mentioned by the motion to reconsider sentence. The prosecution had been unable to determine whether Defendant was the Anthony Rogers who was arrested on those charges. The State suggested that the trial court disregard that portion of Defendant's criminal history. The prosecution contended, however, that Defendant's status as a fourth felony offender was sufficient to support Defendant's concurrent ten-year sentences.

After considering the argument presented by counsel, the district court denied Defendant's motion to reconsider sentence:

> All right, it is, I believe, as I recall in looking at the pre-sentence report I disregarded the - - pretty much, although there were a substantial number of them, misdemeanors and I was of the opinion that it was his fourth felony offense at the time. The Court would reconsider the sentence, but finds that the sentence as a fourth felony offender, ten years at hard labor is appropriate and would not or decline to amend or modify the sentence in any way.

Therefore, the trial court articulated the factors it considered important in giving his reasons for judgment both at sentencing and at the hearing on Defendant's motion to reconsider sentence. Additionally, at the reconsideration hearing, the district court expressly disregarded the non-conviction criminal history contained in the presentence investigation report. Thus, Defendant's claims that the trial court failed to adequately articulate the basis for his sentences and that the trial court considered the error-filled arrest record listed in the presentence investigation report are without merit.

If a defendant, in accordance with a plea bargain that significantly reduces his potential term of confinement, pleads guilty to an offense that does not adequately

5

describe his conduct, the trial court has great discretion in imposing the maximum possible sentence for the pled offense. *State v. Black*, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, *writ denied*, 96-836 (La. 9/20/96), 679 So.2d 430. Because Defendant benefitted significantly from his plea agreement, the trial court would have had great discretion in imposing the maximum penalty for the offense to which Defendant pled guilty.

In *State v. Yates*, 36,388 (La.App. 2 Cir. 10/4/02), 828 So.2d 708, the defendant had originally been charged with distribution of cocaine, but he had pled guilty to attempted distribution of cocaine in accordance with a plea bargain offered by the State. The trial court ordered the defendant to serve ten years at hard labor. Although the defendant had many misdemeanor convictions, this was his first felony, and the defendant had been charged with two additional offenses, theft and battery, between his attempted distribution conviction and sentencing hearing. The second circuit found the trial court did not abuse its discretion in imposing ten years for the offense. *Id*.

In *State v. McGee*, 98-2116 (La.App. 4 Cir. 2/23/00), 757 So.2d 50, 54 *writ denied*, 00-877 (La. 10/27/00), 772 So.2d 121, *cert. denied*, 535 U.S. 969, 122 S.Ct. 1435 (2002), the fourth circuit found that a ten-year sentence for attempted distribution of cocaine was not excessive for a second felony offender.

In *State v. Andrews*, 33,079, 33,080, 33,081, 33,082 (La.App. 2 Cir. 3/1/00), 755 So.2d 361, the defendant in a case involving multiple counts of distribution of cocaine entered into a plea agreement with the State and pled guilty to attempted distribution. As part of the plea agreement, the State agreed that the sentences imposed would run concurrently. The trial court ordered the defendant to serve fifteen years at hard labor on each count and designated that the penalties would run

6

concurrently. The defendant appealed his sentences as being excessive. The second circuit, giving much weight to the benefit derived from the plea bargain, found that the trial court had not abused its discretion in imposing concurrent fifteen-year sentences. The nature of the offense is that Defendant actually distributed cocaine twice. Defendant derived a significant benefit from his plea agreement because he reduced his possible maximum sentence exposure by half in pleading guilty to a lesser grade of the offense, attempted distribution of cocaine. Defendant also received a significant benefit from his plea agreement because the State, as part of the plea bargain, agreed to not file a habitual offender proceeding against Defendant. The circumstances of the offender are that, at sentencing, Defendant was forty years old and a fourth felony offender. In addressing the legislative purpose for punishment, the trial court found that there was an undue risk Defendant would repeat his offenses and that a lesser sentence would deprecate the seriousness of the offenses. Moreover, a comparison of the instant case to others like it reveals that Defendant's concurrent ten-year sentences are consistent with the penalties imposed in similar cases. Therefore, under the *Smith* factors, the trial court did not abuse its discretion in ordering Defendant to concurrently serve ten years at hard labor for both counts.

Accordingly, this assignment of error is without merit.

## CONCLUSION

This court affirms the Defendant's sentences.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

7