965 So.2d 1016 (2007)
STATE of Louisiana, Appellee
v.
Richard COTTON, Appellant.
No. 42,509-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*1017 G. Paul Marx, Louisiana Appellate Project, Lafayette, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Brady O'Callaghan, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
GASKINS, J.
The defendant, Richard Cotton, was convicted by a jury of one count of sexual battery. A motion for post-verdict judgment of acquittal was denied and the defendant was sentenced to serve five years at hard labor without benefit of parole, probation, or suspension of sentence. A motion to reconsider the sentence was also denied. The defendant then appealed his conviction and sentence. For the following reasons, we affirm.

FACTS
In January 2004, the seven-year-old victim, R.A., was being bathed by her mother at their home in Arizona.[1] The mother discussed with the child that people were not allowed to touch her private parts. R.A. told the mother that the defendant, her step-grandfather, had touched her inappropriately during a family gathering in Louisiana in March 2003, when the victim was six years old. The child stated that while the family was gathered at the mobile home of a family member, the defendant, who was seated at the kitchen table, called her over to him and touched her private parts through her clothing.
The mother, the defendant's step-daughter, had also been molested by the defendant when she was six to nine years old. *1018 The mother contacted the authorities in Louisiana and an investigation was conducted. During the investigation, the defendant's niece stated that she also had been molested by the defendant between the ages of seven and 14. The defendant admitted the molestation of the mother, but denied that he intentionally touched R.A. in an inappropriate manner. He also denied molesting his niece. The defendant was arrested and charged by bill of information with sexual battery of R.A.
The defendant was tried by a jury on June 20, 2006. Deputy Dorothy Brooks of the Caddo Parish Sheriff's office stated that in January 2004, that agency was contacted by the mother who reported the molestation of R.A. by the defendant. Deputy Brooks talked to the mother and the niece. R.A. was taken to Gingerbread House and interviewed by a forensic interviewer. Deputy Brooks took a statement from the defendant in which he admitted molesting the mother in the past, but denied the present offense against R.A.
The niece testified that the defendant began molesting her when she was seven years old and the abuse continued until she was approximately 14. She stated that the defendant would approach her outside at her grandparents' house. The defendant touched her through her clothing, under her clothing, and made her perform oral sex on him. He threatened her, saying that he would kill her and her parents and that no one would believe her if she reported the offenses.
The mother testified about her own molestation by the defendant when she lived in his household. Her mother had been married to the defendant, but abandoned her and her two brothers, leaving them in the care of the defendant. Eventually her biological father obtained custody of her and the abuse stopped when she left the defendant's household. She stated that in subsequent years, in order to see her brothers, she was forced to see the defendant. The mother stated that at the time the present offense against R.A. occurred, the family was seated in the living room of her brother's mobile home.
The court found R.A. to be a credible witness and she testified at trial, corroborating the information given during her Gingerbread House interview.
Marshall Nolan Cotton, the defendant's son, testified that on the date of the offense in March 2003, the family was gathered in the living room of his mobile home and the defendant was seated at the kitchen table, in full view of everyone. He stated that he did not observe any inappropriate behavior by the defendant with R.A. and that he has no reservations about his own children being around the defendant. He admitted that at the family gathering, he did not watch the defendant constantly and that if the child was standing at the table where the defendant was seated, she would have had her back to the rest of the group in the living room.
Anthony Cotton, also the defendant's son, testified that on the day of this offense, he was not aware of the defendant engaging in any improper behavior with R.A. He stated that he has two children and has no misgivings about the defendant being in their presence. He said that he had a conversation with the mother when she was about 12 years old regarding the defendant's molestation of her. He stated that he now knows that the mother was telling the truth about her experiences.
Mary Melissa Thomas, Anthony Cotton's fiancée, testified that on the day of this incident, the defendant was visible to the adults in the living room and that she did not see anything improper occur.
The defendant testified on his own behalf. He admitted molesting the mother *1019 when she was a child. He stated that he has been in counseling since 1979 for that and for post-traumatic stress disorder as a result of his experiences in Vietnam. He denied any intentionally inappropriate behavior with R.A. He claimed that if he touched the child in any way, it occurred as a result of picking her up. He stated, "As I picked her up and if she was falling, I may have grabbed her to keep her from falling." He continued, "I'm saying, if- if it did happen, that's the way it could have happened."
The defendant also denied molesting his niece when she was a child. He claimed that when she was 14 or 15, the back of his hand touched her breast once when he was hugging her good-bye.
The jury unanimously found the defendant guilty as charged. The defendant filed a motion for post-verdict judgment of acquittal claiming insufficiency of the evidence to support his conviction. The motion was denied by the trial court. The defendant appeared before the court for sentencing on October 11, 2006. He was ordered to serve five years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appealed his conviction and sentence.

OTHER CRIMES EVIDENCE
The defendant argues that the verdict was contrary to law and was a violation of due process because of the use of highly prejudicial "lustful disposition" evidence which violated the provisions of La. C.E. art. 403 by outweighing any other factor in the case and luring the jury into finding a verdict based on facts other than evidence of the offense charged.
La. C.E. art. 412.2 provides:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
In determining whether such evidence will be admitted at trial, La. C.E. art. 403 states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In the present case, defense counsel filed a request, pursuant to La. C.E. art. 412.2(B), concerning the state's intent to use evidence of similar crimes, wrongs, or acts in sex offense cases. The prosecution responded with written notice that it intended to use evidence of other crimes evidence concerning the mother and the niece. The notice stated that the purpose of using this evidence was to show the defendant's intent to commit the present offense, as well as the fact that the charged offense was part of a system of crimes committed by the defendant and to *1020 demonstrate his lustful disposition toward children.[2]
The state gave notice to the defendant of the intent to use such information. Under the facts of this case, the probative nature of the evidence outweighs any prejudice. Further, the trial court gave the appropriate jury instruction regarding such evidence. The jury was instructed as follows:
Evidence that the defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered only for a limited purpose. The sole purpose for which such evidence may be considered is whether it tends to show that the defendant had the intent, motive, and/or lustful disposition to commit the crime charged. In addition, the evidence may be considered to show that the commission of the offense for which defendant is on trial was not a mistake and/or accident. Remember the accused is on trial only for the offense charged. You may not find him guilty for this offense merely because he may have committed another offense. [Emphasis supplied.]
The evidence was properly admitted and the jury was instructed not to convict the defendant solely because of the commission of other offenses. The defendant's argument to the contrary is without merit.

EXCESSIVE SENTENCE
The defendant argues that his sentence to serve five years at hard labor without benefit of parole, probation, or suspension of sentence is constitutionally excessive because the trial court based the sentence, not on the present offense, but on "lustful disposition" evidence. According to the defendant, the conduct at issue was a groping, but the court was more concerned with the "lustful disposition" evidence and found the defendant to be a serial sex offender who is dangerous to others. The defendant contended that this was not a proper consideration for sentencing. The defendant claims that there was no showing of a "lustful disposition" for more than 20 years and that the use of the prior offenses in sentencing was arbitrary and an abuse of discretion. These arguments are without merit.
As discussed above, evidence of other sex offenses toward children was admissible in this case. Further, under La.C.Cr.P. art. 894.1(B)(12), in pronouncing sentence, a trial court may consider that the offender was persistently involved in similar offenses not already considered as criminal history or as part of a multiple offender adjudication. In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App.2d Cir.1/27/05), 920 So.2d 866, writ denied, XXXX-XXXX (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The defendant's argument to the contrary is without merit.
We also note that in filing his motion to reconsider sentence, the defendant argued only that the sentence was excessive due to the individual circumstances of this case and the background of the defendant. Accordingly, *1021 we will review his sentence for excessiveness.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not a rigid or mechanical compliance with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
At the sentencing hearing, several members of the defendant's family testified on his behalf regarding his poor health, which included a history of seizures, a brain tumor, stroke, heart attack, diabetes, liver damage, and loss of vision. The court also reviewed a letter from the mother and a presentence investigation (PSI) report.
The court observed that R.A. was six years old at the time of this offense. After recounting the witnesses that testified at the trial, the court noted that the jury had to make credibility determinations and that it found the victim to be credible and found the defendant not to be credible. According to the court, the defendant denied any wrongdoing, but then said, if it did happen, it was accidental. The jury unanimously found the defendant guilty as charged. The court stated that it agreed with the determinations made by the jury.
The court noted that it had before it for sentencing a 56-year-old admitted sex offender who was lucky not to have been caught sooner. According to the court, the defendant's health problems did not warrant any leniency in his sentence. The court stated that the sentencing range for this offense was up to ten years at hard labor without benefit of parole, probation, or suspension of sentence. The court found there was an undue risk that the defendant would commit other crimes if not incarcerated. The court sentenced the defendant to serve five years at hard labor without benefit of parole, probation, or *1022 suspension of sentence, with credit for time served.
The defendant's sentence is not excessive. In addition to the offense for which the defendant was convicted in this case, the defendant admitted that he had previously molested the mother, his stepdaughter. The record showed that the defendant also molested his niece. At the time of the commission of this offense, the maximum sentence for sexual battery was ten years at hard labor, without benefit of parole, probation, or suspension of sentence.[3] The court was well within its discretion in imposing a midrange sentence in this case. The sentence is tailored to both the offender and the offense and does not shock the sense of justice.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Richard Cotton.
AFFIRMED.
NOTES
[1] In accordance with La. R.S. 46:1844(W), the initials of the victim are used throughout this opinion.
[2] We note that there was no objection in the trial court to the use of such evidence. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. La.C.Cr.P. art. 841; State v. Jones, 41,299 (La.App.2d Cir.11/9/06), 942 So.2d 1215; State v. Smith, 39,698 (La. App.2d Cir.6/29/05), 907 So.2d 192. However, even if an objection had been properly raised in the trial court to the use of evidence reflecting the defendant's lustful disposition toward children, the objection would have been properly denied.
[3] Although not applicable to this case, we note that La. R.S. 14:43.1(C) was amended by Acts 2006, No. 103, § 1 to increase the penalty for sexual battery of a victim under the age of 13, if the offender is 17 years of age or older. The statute now provides, in pertinent part:

(2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
(3) Upon completion of the term of imprisonment imposed in accordance with Paragraph (2) of this Subsection, the offender shall be monitored by the Department of Public Safety and Corrections through the use of electronic monitoring equipment for the remainder of his natural life.