HARRISON, Judge Pro Tem.
The defendant, Jonathan Michael Te-sten, was originally charged by grand jury indictment with three counts of aggravated rape. Pursuant to a plea agreement, he pled guilty to three counts of sexual battery. He was sentenced to serve 10 years at hard labor, without benefit of parole, probation, or suspension of sentence on all three counts, with the sentences to be served concurrently. The defendant was granted an out-of-time appeal and now argues that the trial court lacked jurisdiction because the defendant was a juvenile at the time of the offenses and that the sentences imposed are excessive. For the following reasons, we affirm the convictions and sentences.
FACTS
On May 4, 2009, the defendant was indicted by a Bossier Parish grand jury for three counts of aggravated rape. The indictment was based upon events which occurred between March 1 and April 2, 2009, when the defendant was living with a couple the court loosely termed his “foster parents.” The defendant was 16 years old at the time of the offenses. The victims were two children living in the household who were under the age of 13.
On April 27, 2010, the defendant appeared in court and the prosecution filed a bill of information charging him with three counts of sexual battery. The defendant entered a plea of guilty to the charges outlined in the bill of information.
The trial court noted that the defendant was 17 years old at the time of the guilty plea. He was informed of the sentencing range for sexual battery. The trial court explained to the defendant his right to trial by jury, right of confrontation, and right against compulsory self-incrimination. Upon questioning by the trial court, the defendant stated that he was pleading guilty because he was, in fact, guilty. The prosecution recited the facts upon which the charges were based. The trial court found that the defendant knowingly and intelligently waived his rights and the court accepted the guilty plea. At that point, the original indictment against the defendant was nol-prossed.
The defendant appeared before the trial court for sentencing on July 7, 2010. He was ordered to serve 10 years at hard labor on each of the three counts of sexual battery, without benefit of parole, probation, or suspension of sentence. The sentences were ordered to be served concurrently. The defendant was given credit for time served and was correctly informed of the time limits for appealing his sentence and for applying for post conviction relief (“PCR”).
On November 7, 2011, the defendant filed a PCR application and requested an out-of-time appeal in the trial court claiming that his guilty plea was not knowingly and intelligently made, that he was denied effective assistance of counsel, and that his sentences were excessive. The defendant requested an error patent review, asserted that his attorney failed to notify him of his right to appeal, and claimed that he was entitled to an out-of-time appeal.
On January 4, 2012, the trial court denied the plaintiffs PCR claims. The defendant filed a writ application to this court raising only the claim |sthat he was denied an out-of-time appeal. On March 23, 2012, this court granted the writ application and remanded the matter to the trial court for further proceedings to determine whether the applicant should be granted an out-of-time appeal in accor *455 dance with State v. Counterman, 475 So.2d 336 (La.1985).
On May 1, 2012, the trial court held a hearing on the issue of whether the defendant should be granted an out-of-time appeal. The prosecution did not oppose the defendant’s request for an out-of-time appeal. The trial court granted the appeal and appointed the Louisiana Appellate Project to represent the defendant.
JURISDICTION
The defendant claims on appeal that, based on the bill of information in the record before this court, the adult criminal court had no jurisdiction over the defendant, who was a juvenile. The defendant argues that he was 16 years old at the time of the offenses and would only be subject to the jurisdiction of the adult criminal court if he was charged with one of the offenses enumerated in La. Ch. C. art. 305, or was transferred to the adult court after being charged with one of the offenses set forth in La. Ch. C. art. 857. The defendant alleges that the only bill of information in this record charges him with three counts of sexual battery and that offense is not one of the crimes listed in La. Ch. C. art. 305 or 857. Therefore, the defendant argues that he remained under the exclusive jurisdiction of the juvenile court. He claims that the adult criminal court that accepted his guilty plea and imposed sentence did not have jurisdiction and the proceedings are absolutely null. He urges that he should be remanded to the jurisdiction of the juvenile court. This argument is without merit.
Legal Principles
La. Ch. C. art. 305 provides in pertinent part:
A. (1) When a child is fifteen years of age or older at the time of the commission of first degree murder, second degree murder, aggravated rape, or aggravated kidnapping, he is subject to the exclusive jurisdiction of the juvenile court until either:
(a) An indictment charging one of these offenses is returned.
(b) The juvenile court holds a continued custody hearing pursuant to Articles 819 and 820 and finds probable cause that he committed one of these offenses, whichever occurs first. During this hearing, when the child is charged with aggravated rape, the court shall inform him that if convicted he shall register as a sex offender for life, pursuant to Chapter 3-B of Title 15 of the Louisiana Revised Statutes of 1950.
(2) Thereafter, the child is subject to the exclusive jurisdiction of the appropriate court exercising criminal jurisdiction for all subsequent procedures, including the review of bail applications, and the child shall be transferred forthwith to the appropriate adult facility for detention prior to his trial as an adult.
[[Image here]]
D. The court exercising criminal jurisdiction shall retain jurisdiction over the child’s case, even though he pleads guilty to or is convicted of a lesser included offense. A plea to or conviction of a lesser included offense shall not revest jurisdiction in the court exercising juvenile jurisdiction over such a child.
La. Ch. C. art. 857 states in pertinent part:
A. The court on its own motion or on motion of the district attorney may conduct a hearing to consider whether to transfer a child for prosecution to the appropriate court exercising criminal jurisdiction if a delinquency petition has been filed which alleges that a child who is fourteen years of age or older at the time of the commission of the alleged *456 offense but is not otherwise subject to the original jurisdiction of a court exercising criminal jurisdiction has committed any one or more of the following crimes:
[[Image here]]
(4) Aggravated rape.
Discussion
In its brief to this court, the prosecution argued that the defendant was originally indicted by the Bossier Parish grand jury for three counts of aggravated rape under docket number 171,938. When the defendant appeared before the trial court to enter a guilty plea, the prosecution filed what amounted to an amended bill of information charging the defendant with three counts of sexual battery under docket number 171,938A. Following the entry of the guilty plea, the prosecution stated that the original charge was nol-prossed and specified that was “the one without the ‘A’ on it.” On appeal, this court was furnished only with the transcripts and pleadings associated with docket number 171,-938A.
In accordance with La. C. Cr. P. art. 914.1(D), we ordered that the appellate record be supplemented with the original grand jury indictment in this case.[1] That document charged the defendant with three counts of aggravated rape, which is one of the crimes enumerated in La. Ch. C. art. 305(A). It is clear that this indictment is part of the record in this case and, when filed, divested the juvenile court of jurisdiction in this matter and vested jurisdiction in the district court.
As set forth in La. Ch. C. art. 305(D), the court exercising criminal jurisdiction shall retain jurisdiction over the child’s case, even though he pleads guilty to or is convicted of a lesser included offense. A plea or conviction of a lesser included offense shall not revest jurisdiction in the court exercising juvenile jurisdiction over such a child. In this case, the district court properly had jurisdiction over the defendant by virtue of the grand jury indictment charging three counts of aggravated rape, and retained jurisdiction to accept the guilty plea to three counts of sexual battery, a responsive verdict to aggravated rape under La. C. Cr. P. art. 814.
We note that in this matter, the prosecution, in effect, filed an amended bill of information charging the defendant with three counts of sexual battery. La. C. Cr. P. art. 558 provides that the defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. La. C. Cr. P. art. 487, dealing with the amendment of indictments, provides that nothing in the article shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonre-sponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
Here the defendant was originally charged with three counts of aggravated rape but pled guilty to the responsive verdict of three counts of sexual battery. The prosecution was not required to amend the charges against the defendant. Although the prosecution filed what was essentially an amended bill of information, it is clear that the prosecution did not intend to bring a new prosecution against *457 the defendant, but merely sought to amend the indictment. The district attorney is inherently empowered to amend an indictment in open court to charge the defendant with an offense responsive to the original charges. See State v. Storms, 406 So.2d 135 (La.1981). After filing the amended bill of information and after the defendant entered his plea of guilty to the charges, the prosecution was then nol-prossed. Under this scenario, the district court had jurisdiction to accept the guilty plea in this case.
EXCESSIVE SENTENCE
The defendant claims that the sentences imposed upon him are excessive. He contends that the trial court erred in imposing the maximum sentences without articulating specific aggravating factors to show that he is the most egregious of offenders and deserving of the maximum sentences. This argument is without merit.
Legal Principles
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Cotton, 42,509 (La.App.2d Cir.9/19/07), 965 So.2d 1016, writ denied, 2007-2070 (La.3/7/08), 977 So.2d 898. In tailoring the sentence to the individual, the important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Cotton, supra.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, supra; State v. Cotton, supra.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders. State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Elmore, 46,833 (La.App.2d Cir.12/14/11), 80 So.3d 731, writ denied, 2012-0006 (La.4/27/12), 86 So.3d 627.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939; State v. Cotton, supra.
Discussion
Prior to sentencing the defendant, the court ordered a presentence investigation (“PSI”) report. In sentencing the *458 defendant, the court stated that it had reviewed the PSI report and had read a letter written to the court by the defendant as well as letters submitted by the families of the victims. The trial court found that the blame for the offenses lay at a lot of people’s feet, but one major blame rested with the defendant and the protection of the children. The court recognized that the defendant was “perhaps fifteen turning sixteen” at the time the offenses occurred and was 17 years old at the time of sentencing. The defendant’s counsel asked the court to consider the defendant’s youth, his terrible home situation, and the fact that the defendant was willing to testify against an adult who was living in the house who was also allegedly molesting the children. The court noted that the defendant had an unstable childhood and his parents divorced when he was three years old. There was evidence that the stepfather abused the defendant’s mother. The defendant was expelled from school, had not obtained a GED, and had a juvenile record. He was a first felony offender.
The trial court noted that the defendant admitted using marijuana and alcohol on a frequent basis and he had caused problems while incarcerated.
The trial court stated that it had examined the seriousness of the offenses and found that any lesser sentences than those imposed would take away from the seriousness of the offenses. The trial court stated that the only break it intended to give the defendant was to impose the sentences concurrently so that at some point in time the defendant will be eligible to move forward.
Given the circumstances of this case and the fact that the defendant received the benefit of a plea agreement whereby the charges against him were reduced, we find that the trial court did not abuse its discretion in the sentences imposed. The sentences are not so grossly disproportionate to the severity of the offenses as to shock the sense of justice.
CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Jonathan Michael Teston.
AFFIRMED.

. La. C. Cr. P. art. 914.1(D) provides:
The trial court or the appellate court may designate additional portions of the transcript of the proceedings which it feels are necessary for full and fair review of the assignment of errors.