612 So.2d 993 (1993)
STATE of Louisiana, Appellee,
v.
Eugene JACKSON, Appellant.
No. 24453-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
*994 Samuel Thomas, Tallulah, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James D. Caldwell, Dist. Atty., Thomas Bishop, Asst. Dist. Atty., Tallulah, for appellee.
Before MARVIN, VICTORY and BROWN, JJ.
BROWN, Judge.
Defendant, Eugene Jackson, brings this out-of-time appeal claiming his sentence is excessive. Jackson was convicted for a December 1976 armed robbery of the Thomastown Grocery. In April 1977, the trial court sentenced defendant to serve 65 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant's motion for an out-of-time appeal was granted in June 1990.
Defendant claims that his sentence is excessive. Initially, defendant also assigned as error the ineffectiveness of his original trial counsel; however, because this assignment was not briefed, it is considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332, 1333 (La.1978); State v. Walker, 573 So.2d 631, 633 (La.App. 2d Cir.1991); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990). Determining that the record clearly supports the sentence, we affirm.

FACTS
On the morning of December 17, 1976, defendant and a companion, Freddy Lee Jones, entered the Thomastown Grocery in Madison Parish. After asking for a pack of cigarettes, Jones struck the store owner, J.E. Goodrum, in the face with a wrench. Goodrum's jaw and teeth were broken. Defendant then pointed a handgun at Goodrum's employee, Charles Watson, who ran from the store with defendant in pursuit. Watson was able to elude defendant and called the police on a CB radio.
Both defendant and Jones bound Goodrum's hands, took about $500 cash from Goodrum's pocket and approximately $150 from the cash register and fled. Sheriff deputies tracked, located, and arrested the perpetrators. At the time of his arrest, defendant had on his person a loaded .32 revolver, and a bag containing money was *995 at his feet. In addition $90 was taken from defendant when he was booked at the police station. Defendant stated he needed money for a "fix."

EXCESSIVENESS OF SENTENCE
LSA-C.Cr.P. Art. 894.1 was added by Acts 1977, No. 635, § 1 in July of 1977. Thus, at the time of Jackson's sentencing, Art. 894.1 was not in effect. However, the district court did file written reasons which the minutes reflect were read to the defendant at the imposition of the sentence. Accordingly, we find from the record that there was a meaningful judicial review as guaranteed by LSA-Const. Art. 1, § 19.
Under LSA-R.S. 14:64, defendant could have been sentenced anywhere from 5 to 99 years without benefit of parole, probation or suspension of sentence. Due to his prior felony conviction for simple burglary, he could have been sentenced as a habitual offender to 198 years. LSA-R.S. 15:529.1. However, even sentences within the statutory range may be reviewed for excessiveness. State v. Cann, 471 So.2d 701, 703 (La.1985).
The trial court ordered and reviewed a presentence investigation report ("PSI"). The court gave a fair summary of the offense and Jackson's background. In the instant case, the trial court noted that the community was shocked and horrified by this crime because it was a repetition of a similar offense against the same victim several years earlier. The court also noted that defendant had been a trustee in the jail where the men who had committed this previous robbery were incarcerated and had discussed its details with them.
The court also noted that the victim had been injured severely by defendant's partner and that defendant's use of a weapon created a dangerous and fearful climate.
The court found that the defendant, although a young man (22 years of age) at the time of this offense, had served time on a prior conviction for simple burglary. While serving his sentence on the burglary, defendant lost his status as a trustee by violating a pass rule. The court also noted that the defendant had been convicted of simple criminal damage to property while in the parish jail; defendant committed the instant offense within two years of his release from confinement, defendant had quit his job with a soft drink company, and he had failed to follow through with training in the Job Corps. The court further noted that defendant had been unemployed more than he had been employed.
The court noted that defendant claimed to have used drugs the night before the robbery and had taken LSD just before the robbery, but found that defendant's use of hallucinatory drugs did not justify the crime. Because of his drug use, the court found defendant was in need of long term incarceration for his own protection.
LSA-Const. Art. 1, § 20 prohibits the imposition of excessive punishment. A sentence violates LSA-Const. Art. 1, § 20 if it is grossly disproportionate to the seriousness of the offense, the circumstances of the case, or the background of the defendant or if the sentence serves as nothing more than a purposeless and needless infliction of pain and suffering. State v. Cook, 598 So.2d 481, 485 (La.App. 2d Cir. 1992); State v. Hudgins, 519 So.2d 400, 406 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). A sentence is considered grossly disproportionate if the crime and punishment, when considered in light of the harm done, shocks society's sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985); State v. Richardson, 545 So.2d 714, 715 (La.App. 2d Cir.1989).
As previously stated, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. LSA-Const. Art. 1, § 20. In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765, 769 (La. App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984). Moreover, a trial judge may properly consider a defendant's attitude and criminal propensities when determining the appropriate sentence. Palmer, supra. As a general rule, the trial court has wide *996 discretion to sentence within statutory limits. State v. McGraw, 597 So.2d 169, 170 (La.App. 2d Cir.1992). In exercising our appellate review, we are cognizant of the trial court's unique and advantageous position to observe the defendant, evaluate the circumstances of the crime and judge its impact on the community. Thus, absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983).
Appellant faced a maximum sentence of 99 years for the crime of armed robbery. Under the circumstances, 65 years is not unduly harsh or excessive nor does it shock this court's sense of justice. In State v. Bartley, 564 So.2d 1297, 1301-1302 (La. App. 5 Cir.1990), a 75-year armed robbery sentence was upheld where the defendant had two prior felony convictions, one with jail time, and threatened serious harm. In State v. Robinson, 573 So.2d 1210, 1214 (La.App. 4 Cir.1991), writ denied, 580 So.2d 666 (La.1991), a 99-year sentence was upheld where the defendant had a lengthy juvenile and adult criminal record, had escaped from a juvenile correction facility and had hit the victim of the armed robbery on the arm with a wooden club.
In State v. Smith, 433 So.2d 688, 698-699 (La.1983), a 60-year sentence was upheld where the defendant, as here, planned an armed robbery and physically abused his victims. In State v. Berain, 360 So.2d 822, 830-831 (La.1978), a 75-year sentence was affirmed where the victim of an armed robbery required two months of hospitalization. Here, the victim presumably was hospitalized with a broken jaw. In State v. Williams, 341 So.2d 370, 380 (La.1976), a 60-year sentence was found not to be excessive even though the armed robbery of a restaurant was not accompanied by any aggravating circumstances. Finally, in State v. Parrish, 463 So.2d 794 (La.App. 2d Cir.1985), this court held that a 60-year sentence was not excessive for a recidivist even though it might require him "to be locked away for the rest of his life."
Armed robbery is a serious offense creating an explosive atmosphere in which victims, bystanders, and perpetrators may be injured or killed. Under the circumstances of this case, we do not find the sentence is excessive. We have examined the record for errors patent and have found none. Accordingly, the conviction and sentence are affirmed.
For the above reasons, this court finds that the sentence was not excessive.
AFFIRMED.