960 So.2d 356 (2007)
STATE of Louisiana, Appellee
v.
Patrick D. CLOWARD, Appellant.
No. 42,123-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
Rehearing Denied August 9, 2007.
*358 James D. Sparks, Jr., Monroe, for Appellant.
Jerry L. Jones, District Attorney, Neal G. Johnson, Assistant District Attorney, for Appellee.
Before BROWN, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
Defendant, Patrick D. Cloward, seeks review of his sentence for computer-aided solicitation for sexual purposes,[1] a violation of La. R.S. 14:81.3. The trial court imposed a sentence of ten years at hard labor without benefit of probation, parole or suspension of sentence, in addition to a fine of $5,000 or one year in default of payment. A timely motion for reconsideration of sentence was denied. For the following reasons, we affirm the conviction and sentence.

FACTS
R.J.[2] and Defendant met and chatted over the internet for approximately two years. When they started, R.J. was 12 years old and Defendant was 21 years old. After the victim reached the age of 13, Defendant told her they were dating. During their chats, Defendant forwarded pictures of himself to the victim and told her that other 13and 14-year-old girls exposed themselves to him via web cameras. At some point, Defendant told the victim he would travel to the Monroe, Louisiana area to visit with the victim. Knowing that her mother and aunt[3] would not allow the visit, Defendant and the victim concocted a plan in which Defendant called the victim's aunt pretending to be the grandmother of one of the friends of the victim. The plan required the "grandmother" to seek permission for the victim to attend a carnival with the victim's friend and grandmother.
On November 11, 2005, the victim went to a local shopping mall with her aunt. As part of a prearranged plan, the victim walked away from her aunt to meet Defendant. The pair walked around the mall and then went to Defendant's hotel room. Once there, the couple took pictures, including one of them kissing. When the victim's aunt was unable to locate her in the mall, she contacted the victim's mother, mall security and the police. Continuous telephone calls were made to the victim's cell phone. Eventually, the victim's mother contacted Defendant on his cell phone. The mother had Defendant's cell phone number because the victim would call him from her cell phone and the number would appear on the mother's monthly statement. Defendant initially pretended to the mother that he was still in California and had no idea of the victim's whereabouts. When the victim's mother left a message on her cell phone indicating the police would be contacted, the victim decided to return to the shopping mall where she rejoined her family.
The next day, the victim, her aunt and Defendant met for breakfast. The aunt requested that the Defendant produce identification because she was suspicious *359 that Defendant was older than he had pretended. Defendant did not produce the identification. After the group left the restaurant and went to a local department store, the victim's aunt contacted the police and Defendant was arrested in the store.
In searching Defendant's hotel room, the police found pictures of the couple, as well as scrap pieces of paper on which calculations were written to determine the year in which a person would have been born to be 18 years old. The victim told the police that Defendant initially told her he was 17, but later disclosed that he was actually 23 years old. The victim also reported that Defendant had, at some time during their exchanges, told her that his name was "Patrick Wall." The victim's computer contained numerous instant messages from Defendant as well as pictures of Defendant.
The Monroe Police Department contacted the police department in Gardena, California. A search of Defendant's home produced a "script" on which Defendant had written facts that were presented to the victim's aunt in the telephone call requesting permission for the victim to visit with her friend during the time Defendant was to be in Monroe. The Gardena Police Department also forwarded a copy of an incident report in which the suspect, listed as Patrick Wall, made threats against two teenage girls. One of the girls, an 11-year-old, chatted with the suspect over a twoto three-year period prior to the threats. A picture of the suspect, "Patrick Wall," was confirmed to be Defendant.
Defendant pled guilty to the charge of computer-aided solicitation for sexual purposes. The trial court sentenced him to ten years at hard labor without benefit of probation, parole or suspension of sentence. Defendant was ordered to pay a $5,000 fine or serve one year in default of payment with the default time being consecutive to any other jail time. The trial court also ordered that Defendant have no contact with the victim for the remainder of his life, nor was he to have any contact with other minors or any access to the internet. The trial court urged the Department of Corrections to make an official determination of Defendant's ability to pay the victim's reasonable costs of counseling resulting from the offense and any other pecuniary loss caused by the offense.

DISCUSSION

EXCESSIVE SENTENCE
Defendant now alleges the sentence imposed in this case is excessive for the numerous errors assigned in brief. We find Defendant's assignments of error to be without merit.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 *360 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are Defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App.2d Cir.1/27/05), 920 So.2d 866, writ denied, 06-0478 (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La.App. 2d Cir. 1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof that the defendant committed the other offenses. State v. Jones, 31,569 (La. App.2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40.
A defendant's lack of remorse is a proper sentencing consideration. State v. Shipp, 30,562 (La.App.2d Cir.4/8/98), 712 So.2d 230, writ denied, 98-1199 (La.9/25/98), 724 So.2d 775; State v. Daniels, 607 So.2d 620 (La.App. 2d Cir.1992).
The second inquiry involves a determination of whether the sentence imposed is too severe. This inquiry depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
Defendant argues that the sentence imposed is too severe and that the trial judge committed errors in determining the sentence. Defendant's arguments are not supported by the record. In determining an appropriate sentence for Defendant, the *361 record shows that the trial court appropriately considered his age, his offender class, and his criminal history, social history and prior education. The trial judge was not required to give any factor a particular weight in determining Defendant's sentence.
Defendant argues that the trial court improperly considered an incident report from the Gardena, California Police Department in determining his sentence. Defendant argues that he was not charged with a crime, nor was he properly identified as the perpetrator of the offense. Additionally, Defendant contends that the consideration by the trial court of the report amounts to punishment for an uncharged offense which may not be criminal activity in the state of California.
In the California incident, the suspect in the report began chatting with a young girl over the internet and arranged to meet her. The young girl arrived at the location, but changed her mind about the meeting and left. The suspect apparently saw the girl leaving and followed her attempting to persuade her to spend time with him. The young girl and the suspect continued to exchange instant messages over the internet, while the girl reminded the suspect that she was only 11 years old. The suspect replied, "be quiet, don't remind me." Eventually, the young girl attempted to terminate her communications with the suspect; however, the suspect continued to contact and harass the victim and her older sister via instant messages. The suspect then resorted to making telephone calls to the victim's home. The victim's father intercepted one of the telephone calls and reiterated the demands that the suspect have no contact with the young girls. Over several months, the suspect continued periodic calls, which culminated in a call wherein the suspect threatened possible harm to the girls. According to the girls' father, the suspect indicated that he was aware of the family's schedule and stated he could rape and kill the girls anytime he wanted and the father would be unable to protect them.
While Defendant had not been charged with a crime in connection with the offense report, the trial judge properly considered the substance of the report at the time of sentencing. The perpetrator of the California crime was known as "Patrick Walls," a name Defendant used during the times he chatted with the victim in the instant case. From a photograph obtained from the victim in the California case, the police were able to determine that "Patrick Walls" and Defendant were, in fact, the same person. While charges had not been filed in the California case, the trial judge properly considered this information in determining an appropriate sentence for this defendant. State v. Russell, supra; State v. Jackson, supra.
Despite Defendant's contentions, we do not find constitutional error in the imposition of the maximum sentence. Considering Defendant and the facts of this case, this sentence is appropriate to the circumstances of the offense. Defendant apparently targeted a young girl, gained her confidence over an extended period of time and then arranged to meet the child through deception and manipulation. Defendant clearly does not comprehend the seriousness of the offense and his actions. Even in brief, Defendant argues that the victim was distraught about his arrest and did not want him to be arrested. This underscores the gravity of the situation. Defendant knew the victim was vulnerable due to her age and likely to suffer from the effects of his manipulations for a long time. This maximum sentence is lawful and is neither grossly disproportionate to the severity of the offense of conviction, nor shocking to our sense of justice. *362 There is no showing of an abuse of the district court's discretion in the imposition of this sentence.[4]

SPECIAL CONDITIONS
Defendant also argues that the trial court lacked authority to impose additional conditions to Defendant's sentence. The trial court ordered that Defendant have no contact with the victim or any other minor and was not to have access to the internet.
Additionally, the trial court informed Defendant of the requirement that he register as a sex offender and seek mental health treatment upon release. As acknowledged by Defendant, we find that the trial court provided this information to Defendant as notice of conditions which could be applicable in the future should Defendant become eligible for release from custody. We also find no error in the trial court informing Defendant of these conditions. See La. R.S. 15:561, et seq.

RESTITUTION AND COSTS
The trial court also urged the Department of Corrections to make a determination of Defendant's ability to pay the victim's reasonable costs of counseling that resulted from the offense and any other pecuniary loss caused by the offense. Restitution for counseling costs and actual pecuniary losses may be awarded to the victim. La. C. Cr. P. art. 883.2. Pursuant to La. R.S. 15:561, et seq., the cost can be imposed by the Department as a condition to Defendant's supervised release upon expiration of his sentence. The trial court correctly referred this to the Department.

TIME SERVED
The trial court did not indicate that Defendant would receive credit for time served in accordance with La. C. Cr. P. art. 880. The 1997 amendment to La. C. Cr. P. art. 880 is designed to make credit for prior custody self-operating even on a silent record. Thus, there is no need for the sentencing court to reference credit for time served. State v. Ignot, 29,745 (La. App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618.

FINE
The trial court imposed a $5,000 fine or serve one year in jail in default of payment. An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991). At trial and on appeal, Defendant was represented by retained counsel. At this time and under these facts, the trial court committed no error in imposing a jail term in default of payment of the fine. State v. Collins, 32,409 (La.App.2d Cir.9/22/99), 763 So.2d 618.

CONCLUSION
For the foregoing reasons, Defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, PEATROSS, DREW and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] In 2005, pursuant to the statutory revision authority of the Louisiana State Law Institute, the section heading was changed to "Computer-aided solicitation of a minor."
[2] In accordance with La. R.S. 46:1844(W), the minor child will be referred to by initials only.
[3] The victim's aunt lived in the home and was a primary caregiver because of the work schedule of the mother of the victim.
[4] We note that the ADA and defense counsel agreed to a cap of five years. This limitation was rejected by the trial court and Defendant chose to plea without a cap. We reject Defendant's argument that this unaccepted cap was indicative of an appropriate sentence.