978 So.2d 1196 (2008)
STATE of Louisiana, Appellee
v.
NEWTON, Appellant.
No. 43,079-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*1198 James E. Beal, Louisiana Appellate Project, Jonesboro, for Appellant.
Jerry L. Jones, District Attorney, Brian Harkins, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and DREW, JJ.
GASKINS, J.
The defendant, Ivory V. Newton, was originally charged with attempted second degree murder. He was allowed to plead guilty to aggravated battery and was sentenced to eight years at hard labor. The trial court also imposed a fine of $1,000; in default thereof, it ordered the defendant to perform 250 hours of community service. The court directed that the defendant not be allowed accrual of good time credit. The defendant appeals his sentence as excessive. We affirm.

FACTS
On April 9, 2005, the defendant was involved in an altercation with the victim, who is the former husband of the defendant's girlfriend. The victim refused to leave the girlfriend's residence and indicated that the defendant should leave instead. The victim bumped into the defendant several times. The defendant produced a 12-inch serrated knife. The victim fled from the defendant but fell. The defendant then stabbed the victim in the shoulder. Two other men intervened and pulled the defendant away from the victim long enough to allow the victim to escape from the defendant.
The defendant was charged with attempted second degree murder. Pursuant to a plea bargain, he pled guilty to a reduced charge of aggravated battery, and a presentence investigation (PSI) report was ordered.
While the defendant was awaiting sentence, he was arrested on charges of second degree battery and false imprisonment. These offenses involved the girlfriend whose ex-husband was stabbed in the instant offense; she was badly beaten. At the defendant's sentencing hearing on the instant offense, the girlfriend recanted her statements that the defendant was the person who beat her.
The trial court sentenced the defendant to an eight-year term of imprisonment at hard labor and a fine of $1,000. In default of payment of the fine, the court directed that the defendant perform 250 hours of community service. The court also ordered that the defendant not accrue good time credits. The defendant's motion to reconsider sentence was denied.
The defendant appeals his sentence as being excessive.

LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, *1199 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La. App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La.Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App. 2d Cir.1/27/05), 920 So.2d 866, writ denied, XXXX-XXXX (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). Moreover, a trial judge may properly consider a defendant's attitude and criminal propensities when determining the appropriate sentence. State v. Jackson, supra. The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of actual proof the defendant committed the other offenses. State v. Jones, 31,569 (La.App. 2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App. 2d Cir.10/29/97), 702 So.2d 40.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La. App. 2d Cir.8/20/03), 852 So.2d 1162, writ denied, XXXX-XXXX (La. 12/17/04), 888 So.2d 858.

DISCUSSION
The defendant argues that an eight-year sentence, without the benefit of diminution of sentence for good behavior, is excessive. He asserts that despite his history of misdemeanor convictions and the pending felony charges against him, he has only one prior felony conviction.
*1200 At the sentencing hearing, the trial court recounted that it had requested an updated rap sheet on the defendant because almost two years had passed since his guilty plea. In the interval, the defendant had been charged with second degree battery and false imprisonment and was awaiting trial. These charges arose from an incident in which the defendant's girlfriend, the former wife of the victim of the instant offense, had been badly beaten. The girlfriend was placed under oath at the sentencing hearing and stated that the defendant was not the person who inflicted the beating. Noting the propensity of domestic violence victims to recant, the trial court found her testimony lacking in credibility. The trial court also pointed out that there had been a finding of probable cause to charge the defendant with that crime.
The trial court reviewed the defendant's social history. He dropped out of high school and, while he had done some work toward obtaining a GED, he had not completed those efforts. He had worked in a variety of jobs, even achieving the level of supervisor at one place of employment. Married only once, he had seven children with at least two women.
Additionally, the trial court considered the defendant's lengthy record of arrests and convictions. The defendant had a history of crimes of violence, particularly against women, in both Texas and Louisiana. Beginning in 1991, there were several simple battery convictions.[1] The defendant described them dismissively as "a couple of simple batteries with my kid's mother." He repeatedly asserted that he was "blamed for a lot of stuff that I didn't do."[2] The defendant also attempted to describe his conduct in the instant case as self-defense.
Reviewing the factors enumerated in La. C. Cr. P. art. 894.1, the trial court found that the defendant was in need of correctional treatment or a custodial environment most effectively provided by commitment to an institution and that a lesser sentence would deprecate the seriousness of the crime. As aggravating factors, the trial court noted the defendant's long history of violence, usually against women, in at least two states, and the defendant's use of a 12-inch knife in the instant offense which could have caused the victim's death. There was no strong provocation, as the victim was attempting to flee at the time he was stabbed. The only mitigating factor the court found applicable to the defendant was the fact that, by pleading guilty, he spared the state and the witnesses the inconvenience and cost of a trial.
The trial court articulated its reasons for sentencing in great detail, fully complying with the provisions of La. C. Cr. P. art. 894.1. The court carefully considered the defendant's offender class, criminal history, pending criminal charges, social history, work history and prior education in determining the appropriate sentence for this defendant. The trial judge was not *1201 required to give any factor a particular weight in determining the defendant's sentence, and appropriately considered the defendant's lengthy criminal record as well as the pending charges. In particular, the court expressed its great concern with the defendant's lifetime propensity toward violence.
The defendant was originally charged with attempted second degree murder, which has a sentencing range of 10 to 50 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1; 14:27(D)(1)(a). Aggravated battery, the offense to which the defendant was allowed to plead guilty, carries a maximum sentence of 10 years imprisonment, with or without hard labor, and a fine up to $5,000, or both. La. R.S. 14:34. The defendant received great benefit from the plea bargain, which reduced his sentencing exposure from a minimum term of imprisonment of 10 years at hard labor without benefits to a maximum of 10 years with or without hard labor.
The defendant contends that the sentence, imposed without the benefit of diminution of sentence for good behavior, is excessive and grossly disproportionate to the severity of the crime. Despite the defendant's contentions, we do not find constitutional error in imposition of the eight-year sentence in this case. As recognized by the trial judge, this defendant has an extensive history of committing crimes against persons, despite only one felony conviction. It is apparent, even from the defendant's own statements, that he has a history of engaging in volatile behavior in his domestic relationships. The current case arose as a result of a domestic disturbance. Despite his many opportunities to rectify his inappropriate domestic behavior, the defendant has persisted in handling his domestic situations with violence.
In accordance with La. C. Cr. P. art. 890.1(B)[3] and La. R.S. 14:2(B)(5)[4], the trial court properly denied the defendant's eligibility for diminution of sentence based on good behavior (good time credits). Even considering the denial of the defendant's right to earn diminution of sentence, we do not find the sentence constitutionally excessive.
This assignment of error lacks merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The PSI report stated that the defendant was arrested in 1993 for second degree battery, with intentional serious bodily injury, and pled guilty to aggravated battery. When confronted with this information at the sentencing hearing, the defendant denied it. However, defense counsel concedes in brief that the defendant had a prior felony conviction.
[2] The defendant's lack of remorse is also evident in a pro se brief he filed with this court. Among other things, he denied the facts recited in the state's brief  which were essentially the same facts to which he pled guilty  as "all untrue." He also claimed that in other offenses, including one in which he allegedly hit his daughter, he had been "lied on" and a police officer had falsified a report.
[3] This provision states:

B. Notwithstanding any provision of law to the contrary, if a person is convicted of or pleads guilty to a crime of violence as defined or enumerated in R.S. 14:2(B) and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:571.3(C) or (D).
[4] This statute provides, in relevant part:

B. In this Code, "crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence":
. . .
(5) Aggravated battery