996 So.2d 335 (2008)
STATE of Louisiana, Appellee
v.
Gabriel CARROLL, Appellant.
No. 43,474-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*337 Louisiana Appellate Project, by Paula C. Marx, W. Jarred Franklin, for Appellant.
Paul J. Carmouche, District Attorney, John F. McWilliams, Jr., Geya D. Prudhomme, Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and PEATROSS, JJ.
STEWART, J.
The defendant, Gabriel Carroll, was convicted of illegal use of a weapon. Thereafter, he was sentenced under La. R.S. 14:94(E) to nine years' imprisonment at hard labor without the benefit of probation or suspension of sentence. The defendant now appeals. For the reasons stated herein, the defendant's conviction and sentence are affirmed.

FACTS
On August 10, 2005, the defendant, armed with a handgun and driving a motor vehicle, shot at a car in which his ex-girlfriend and a friend were passengers. The incident occurred around 1:00 p.m. in front of 81st Street Elementary School. On October 31, 2005, the defendant was charged by bill of information with one count of illegal use of a weapon in violation of La. R.S. 14:94(E). The matter came for jury trial on February 14, 2007.
During trial, the jury heard testimony from Akosha Richardson, who at the time of the incident in question was pregnant with defendant's child. Ms. Richardson explained that on the date of the incident, Orya Harris picked her up from her house to go visit Ms. Harris's brother. Ms. Richardson also acknowledged that the defendant was at her house at the time Ms. Harris arrived to pick her up, but that she did not tell the defendant where they were going. Ms. Richardson testified that she remembered being in the car with Orya Harris when Ms. Harris's car was shot and giving the police a statement. However, she claimed not to recall anything about who shot the vehicle or what was said in the police statement she gave that implicated the defendant.
The jury also heard testimony from Orya Harris, the owner of the car at which *338 the defendant allegedly fired his handgun. Ms. Harris testified that on the date in question she and Ms. Richardson were going to visit Ms. Harris's brother, Rico Harris, who was in prison at the time on an armed robbery conviction. Ms. Harris pulled up at Ms. Richardson's house in a 2005 Chevy Impala and blew the car horn to let Ms. Richardson know she was waiting outside. Ms. Richardson called Ms. Harris on her cell phone to let her know she would be out momentarily. Before Ms. Richardson came out, however, the defendant pulled up behind Ms. Harris, parked his vehicle and went inside the home. Ms. Harris could not hear the nature of the discussion between the defendant and Ms. Richardson, but testified that she did hear the defendant yelling and cursing. The defendant then left in his vehicle, and Ms. Richardson and Ms. Harris left in Ms. Harris's vehicle. Ms. Harris indicated that the defendant had in the past made threats to her and her brother because of her brother's contact with the defendant's girlfriend.
Ms. Harris testified that as she drove her vehicle on 81st Street in front of a school, the defendant pulled his vehicle, a Grand Marquis, up alongside the driver's side of Ms. Harris's vehicle. She testified that he kept veering towards her vehicle causing her to pull closer and closer to the side of the road and eventually coming to a complete stop. The defendant stopped his vehicle next to hers and rolled down the passenger-side window. He then pulled out a medium-sized black gun and shot it out his passenger-side window into the driver's side door of Ms. Harris's vehicle. Ms. Harris testified that after firing the shot, the defendant cursed at her and Ms. Richardson, threatened to kill them and drove off. Ms. Harris called the police and waited for them to arrive. On September 2, 2005, Ms. Harris identified the defendant in a photo line-up as the individual who had fired the shot.
Corporal Carolyn Harris and Officer Robert Gordon of the Shreveport Police Department responded to the call. Officer Gordon testified that after arriving on the scene, Ms. Richardson informed him that she and Ms. Harris were on their way to Natchitoches to visit Ms. Richardson's ex-boyfriend in prison, when Gabriel Carroll pulled up alongside them in his vehicle and tried to stop them. When they attempted to drive around him, he leaned out of the car window and fired a black handgun at them. Officer Gordon claimed to have retrieved the bullet, which was lodged in the door jam and the weather strip area right below the driver's seat. This area is in close proximity to where the driver's hip would be when seated in the vehicle. He also testified that because of the relatively equal size of the two vehicles involved, it appeared as though the weapon was discharged at a downward angle. Corporal Harris' testimony confirmed that the bullet hole was in the area of the door where the driver's legs or buttocks would have been.
At the conclusion of the trial, the jury returned a verdict of guilty on the charge of illegal use of a weapon by discharging a firearm from a motor vehicle located upon a street. Motions for post-verdict judgment of acquittal, modification of judgment and for a new trial were denied.
Thereafter, the defendant was sentenced to nine years' imprisonment at hard labor without the benefit of probation or suspension of sentence. At the sentencing hearing, the trial court noted the fact that prior to the defendant's arrest on the current charges, he had been arrested at least five times while on bond for felony offenses involving a dangerous weapon or against the same victim. The court also noted that the arrest on the offense of conviction occurred while the defendant was out on a *339 bond from a prior arrest which was conditioned on his having no contact with the victim or victim's family herein. Considering this, the court concluded that the defendant presented an undue risk of re-offending, that he was in need of a correctional treatment or custodial environment that can only be provided most effectively by committing the defendant to an institution, and that a lesser sentence than the one imposed would deprecate the seriousness of the offense.
In considering the factors set forth in La. C. Cr. P. art. 894.1, the trial court listed as aggravating circumstances the fact that the defendant's conduct manifested deliberate cruelty to the victim; that he knowingly created a risk of death or great bodily harm to more than one person; that he used threats of and actual violence in the commission of the offense; that he used a dangerous weapon in the commission of the offense; and that he foreseeably endangered human life by discharging a firearm during the commission of an offense which has as an element, the use, attempted use, or threatened use of physical force against a person or property of another, and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense. The court also noted that the defendant had persistently been involved in similar offenses not already considered as part of his criminal history and that he had used violence, force or the threat thereof with the intent to influence the outcome of the criminal proceedings. The only mitigating factor the court noted was the defendant's youth.
A motion to reconsider sentence filed on behalf of the defendant was denied on June 12, 2007. The instant appeal followed.

DISCUSSION

Assignment of Error Number One: Sufficiency of the Evidence
In the defendant's first assignment of error, he contends that there is insufficient evidence to prove his guilt beyond a reasonable doubt for the offense of illegal use of a weapon. More specifically, the defendant argues that the State failed to prove he had the requisite intent to injure, harm or frighten another human being because the bullet fired from the defendant's weapon was traveling at a downward angle and because defendant's conduct was more consistent with an accidental discharge. In the alternative, the defendant requests that the conviction be amended to a violation of La. R.S. 14:94(A).
The state argues that the evidence was sufficient to support the conviction and that the defendant's argument as to an accidental discharge was made in closing argument and was rejected by the jury.
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proven beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App. 2 Cir. 4/2/97), 691 So.2d 347, writ denied, 97-1203 (La. 10/17/97), 701 So.2d 1333. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate *340 court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia and does not extend to credibility determinations made by the trier of fact. State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/05/03), 852 So.2d 1020; State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La. 11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Parker, 42,311 (La.App. 2d Cir.8/15/07), 963 So.2d 497; State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La. App. 2d Cir.9/18/02), 828 So.2d 622, writs denied, 2002-2595 (La.3/28/03), 840 So.2d 566, 2002-2997 (La.6/27/03), 847 So.2d 1255, cert.denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Wiltcher, 41,981 (La.App. 2d Cir.5/9/07), 956 So.2d 769; State v. Burd, 40,480 (La.App. 2d Cir.1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 35.
La. R.S. 14:94(A), which defines the crime of illegal use of weapons or dangerous instrumentalities provides:
A. Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being.
The sentence for the offense is enhanced when it is committed "by discharging a firearm from a motor vehicle located upon a public street or highway, where the intent is to injure, harm, or frighten another human being." La. R.S. 14:94(E).
In the present case, the evidence established that Akosha Richardson, the victim and the mother of the defendant's child, was going to visit someone in prison whom the defendant did not want her to have contact with. Ms. Richardson departed from her home en route to the prison shortly after an encounter at her home with the defendant. Minutes later, the defendant pulled up alongside the vehicle Ms. Richardson and her friend, Orya Harris, *341 were traveling in on 81st Street, tried to stop their vehicle with his, and then took a handgun and fired it out the passenger side window of his vehicle into the Ms. Harris's car. The bullet struck the Ms Harris's car in the vicinity of the driver's hip area. After firing the shot, the defendant threatened to kill the victims and drove off.
This evidence is more than sufficient to support the jury's finding that the defendant intentionally discharged a firearm from a motor vehicle located upon a public street in such a manner that it was foreseeable that it might have resulted in death or great bodily harm to a human being and that he did so with the intent to injure, harm, or frighten. The defendant failed to present any evidence to support the hypothesis that the gun accidentally discharged. The argument that the bullet failed to hit either of the victims and was aimed at a downward angle does not show that the defendant did not intend to fire the weapon. Nor does it show that death or great bodily harm was not foreseeable or that the defendant did not have the requisite intent to injure, harm or frighten.
If the trajectory of the bullet evidences anything other than perhaps extremely poor aim, it evidences that the defendant may have only intended to frighten the victims. That fact, however, does not eliminate the foreseeability that when one fires a weapon in the general direction of other human beings that death or great bodily harm may occur.
Therefore, this assignment of error is without merit.

Assignment of Error Number Two: Excessive Sentencing
In the second assignment of error, the defendant contends the sentence is excessive for the defendant and this offense. In particular, the defendant argues that the sentence imposed is only one year less than the maximum and was imposed after the court gave inappropriate consideration to the defendant's arrest on an alleged offense for which he had not yet been convicted. Additionally, the defendant argues that the court failed to give due consideration to the defendant's youth.
The state argues that the court followed the sentencing guidelines and that the sentence imposed was within the trial court's discretion, does not shock the sense of justice and does not rise to the level of a needless infliction of pain and suffering.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37-442 (La.App. 2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La. 12/17/04), 888 So.2d 858. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d *342 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ. denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. McKinney, 43,061 (La.App. 2d Cir.2/13/08), 976 So.2d 802; State v. Woods, 41,420 (La.App. 2d Cir.11/1/06), 942 So.2d 658, writ denied, 2006-2768 (La.6/22/07), 959 So.2d 494, writ denied, 2006-2781 (La.6/22/07), 959 So.2d 494; State v. Grissom, 29,718 (La.App. 2d Cir.8/20/97), 700 So.2d 541.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all of his prior criminal activity. State v. Russell, 40,526 (La. App. 2d Cir. 1/27/05), 920 So.2d 866, writ. denied, XXXX-XXXX (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La. App. 2d Cir.1993). The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App. 2d Cir.5/9/07), 956 So.2d 779.
The sentencing range for a conviction pursuant to La. R.S. 14:94(E) is five to ten years' imprisonment at hard labor without *343 benefit of probation or suspension of sentence.
In this case, the sentence imposed was imprisonment at hard labor for nine years without the benefit of probation or suspension of sentence. In imposing the sentence, the trial court cited the defendant's criminal history with dangerous weapons and repeated offenses against the same victims. The court noted that the offense of conviction was committed while the defendant was out on bond conditioned upon his having no contact with the victim or the victim's family. Accordingly, we must determine that the trial court rightly concluded that the defendant presented a risk of re-offending.
Defendant's argument that the trial court improperly considered as part of his criminal history offenses for which he had not yet been convicted is not supported by the jurisprudence. As noted by this court in State v. Russell, supra, the court may consider evidence of other arrests even in the absence of proof that he actually committed the other offenses.
Further, the court expressly complied with the requirements of La. C. Cr. P. art. 894.1 and in doing so, found only one mitigating factor, the defendant's youth. Both in bringing his motion to reconsider and in this appeal, defendant has failed to urge any other mitigating factor. As there is no requirement that specific matters be given any particular weight at sentencing, it cannot be said that the trial court erred in not giving this factor more weight. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Lastly, given the defendant's blatant disregard for the safety of others by firing a handgun in the middle of the day while traveling down a public street, we cannot say that the sentence imposed shocks the sense of justice or constitutes a needless infliction of pain and suffering.
This assignment is therefore without merit.

CONCLUSION
Based on the above reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.