McCALLUM, J.
The case currently before this Court, a domestic dispute turned violent between a sister and her brother, arises out of a seemingly inconsequential act, i.e. , the unauthorized erasure by the former of a television program previously recorded by the latter.
The defendant, Gerwanna Austin ("Austin"), having pled guilty as charged to aggravated battery, appeals her sentence of eight years as excessive. We affirm her conviction and sentence.
FACTS
On November 12, 2016, Austin and her brother, Brandon, began arguing after Austin erased a television program that Brandon had recorded. Austin, who became angry when Brandon called her names, waited for him to come inside the house from his yard work and then she stabbed him in the neck with a kitchen knife. Austin was 26 years old at the time.
Austin was charged by bill of information with one count of aggravated battery, in violation of La. R.S. 14:34. On May 15, 2017, Austin accepted the state's offer to plead guilty as charged in exchange for the state's agreement not to file an habitual offender bill. She was informed that the applicable sentencing range was 0-10 years and that a presentence investigation (PSI) report would be ordered.
The PSI, which incorrectly stated that Austin pled guilty to aggravated assault, showed that she was born October 21, 1990, and finished high school at age 20. Austin never held a job and relied on family members for financial assistance. Austin was not married and had no children. She denied any alcohol or substance abuse. In her statement for the PSI, Austin showed remorse and said, "I'm willing to take anger management. I apologize for my actions and I know that I need to learn to walk away from things."
Austin's criminal history included an arrest for aggravated second degree battery in 2014 when she stabbed her uncle during an argument about her discipline of her niece and nephew. This argument also turned physical and the uncle grabbed her by the hair and put her on the ground. Using a kitchen knife, Austin stabbed the uncle in the back and chest. She pled guilty on September 29, 2015, to a reduced charge of attempted second degree battery and was sentenced on December 1, 2015, to serve 18 months.
Austin appeared for sentencing on the current conviction August 23, 2017.[1] The judge stated that she had reviewed Austin's guilty plea transcript and confirmed *1150 that Austin pled guilty to aggravated battery. The judge also stated that she had reviewed the factual basis for the guilty plea, Austin's PSI report, and the sentencing guidelines in La. C. Cr. P. art. 894.1.
The judge noted that Austin stabbed her brother in the neck four times with a large kitchen knife when he entered the house to wash his hands following their argument. The judge also noted Austin's prior conviction for attempted second degree battery when she stabbed her uncle in the back and chest after an argument. The judge observed that Austin's behavior indicated that she had anger issues and was in need of custodial treatment. Austin had committed two intentional crimes against victims when their backs were turned, and the judge was concerned that Austin would commit other crimes. The judge recognized that Austin was 26 years old, and hoped that she would become calmer and more patient as she aged. Citing Austin's aggressive manner and her crime's potential for serious injury, the judge concluded that the appropriate sentence was eight years, with credit for time served. Austin was informed of the time limit to seek post-conviction relief.
On August 31, 2017, Austin filed a motion to reconsider sentence in which she contended that: (i) the sentence was excessive because the reasons given by the court as sentencing factors were inadequate; (ii) the court failed to consider mitigating circumstances, such as her lack of education somewhat impaired her capacity to appreciate the criminality of her conduct or to conform her conduct to the requirements of the law; and (iii) her sentence was excessive, cruel, and unusual. The court denied the motion, and on the order of denial, noted that the sentence was not imposed without benefit of parole.
DISCUSSION
Austin has appealed her sentence, arguing that it is unconstitutionally harsh and excessive, and that it serves no purpose. The state argues that the trial court sufficiently reviewed Austin's criminal and social history, her age, and the factual basis for the sentence. The state asserts that the imposed sentence was within the statutory sentencing range and that the trial court did not abuse its discretion in imposing the eight-year sentence.
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance; the trial court need only articulate a factual basis for the sentence. State v. Cunningham , 46,664 (La. App. 2 Cir. 11/2/11), 77 So.3d 477. The important elements which should be considered are the defendant's personal history, prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Moton , 46,607 (La. App. 2 Cir. 9/21/11), 73 So.3d 503, writ denied , 2011-2288 (La. 3/30/12), 85 So.3d 113 ; State v. Caldwell , 46,645 (La. App. 2 Cir. 9/21/11), 74 So.3d 248, writ denied , 2011-2348 (La. 4/27/12), 86 So.3d 625.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Bonanno , 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of *1151 justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Robinson , 40,983 (La. App. 2 Cir. 1/24/07), 948 So.2d 379.
The trial court has wide discretion in imposing a sentence within the statutory limits; therefore, a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Young , 46,575 (La. App. 2 Cir. 9/21/11), 73 So.3d 473, writ denied , 2011-2304 (La. 3/9/12), 84 So.3d 550 ; State v. Hardy , 39,233 (La. App. 2 Cir. 1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler , 42,661 (La. App. 2 Cir. 10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque , 46,515 (La. App. 2 Cir. 9/21/11), 73 So.3d 1021, writ denied , 2011-2347 (La. 3/9/12), 84 So.3d 551.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Meadows , 51,843 (La. App. 2 Cir. 1/10/18), 2018 WL 347698, 246 So. 3d 639 ; State v. DeBerry , 50,501 (La. App. 2 Cir. 4/13/16), 194 So.3d 657, writ denied , 2016-0959 (La. 5/1/17), 219 So.3d 332. A sentence can be constitutionally excessive, even when it falls within the statutory guidelines.
A sentence of eight years at hard labor for an aggravated battery conviction was upheld by this court in State v. Williams , 50,852 (La. App. 2 Cir. 9/28/16), 207 So.3d 552. In that matter, the defendant violated a restraining order, invaded his estranged wife's home and bedroom, and attacked her boyfriend with a knife, a crutch, a metal broom, and a Taser. That defendant pled guilty to aggravated battery after having been charged with home invasion, and had a history of violence in connection with his estranged wife.
A sentence of eight years at hard labor for an aggravated battery was also upheld by this court in State v. Newton , 43,079 (La. App. 2 Cir. 3/19/08), 978 So.2d 1196. There, the defendant stabbed his girlfriend's ex-husband in the shoulder with a knife while the victim attempted to flee. That defendant pled guilty to aggravated battery after having been charged with attempted second degree murder. He also had a history of violent crimes, particularly against women.
La. R.S. 14:34 provides that whoever commits an aggravated battery shall be fined not more than $5,000, imprisoned with or without hard labor for not more than ten years, or both. Austin's eight-year sentence falls within the statutory range, and was imposed without hard labor.
After reviewing Austin's educational and social history as provided in the PSI, the sentencing judge concluded that Austin had anger management issues, was in danger of committing further offenses, and was in need of custodial treatment.
The instant offense is Austin's second crime of violence in which she responded violently during a verbal altercation by stabbing a family member with a kitchen knife. When compared to factually similar cases where a defendant caused serious bodily injury or caused potentially fatal injuries, the sentence of eight years is not excessive. Austin was not defending herself against a physical attack, and the verbal argument had ended when Austin waited for her brother to return inside and then stabbed him multiple times in the neck. Fortunately, her brother's wounds were not fatal, but Austin's actions in stabbing her brother in the neck multiple times could have been charged as attempted *1152 second degree murder. Furthermore, Austin benefited from her plea agreement, whereby she avoided a potential habitual offender charge based on her prior conviction for stabbing her uncle.
Accordingly, in light of Austin's history and the danger for serious bodily injury or death that Austin poses to the community in general, and her family members in particular, her eight-year sentence is not disproportionate and does not shock the sense of justice. The trial court did not abuse its discretion in imposing this eight-year sentence.
Finally, the case minutes as well as the appellate briefs from Austin and the State of Louisiana state that her sentence was imposed at hard labor. Nevertheless, the sentencing transcript states that the sentence was eight years without mentioning a hard labor condition. La. R.S. 14:34 allows a term of imprisonment for aggravated battery to be served with or without hard labor.
When the transcript and the court minutes conflict, the transcript prevails. State v. Lynch , 441 So.2d 732 (La. 1983) ; State v. Lambert , 52,004 (La. App. 2 Cir. 5/23/18), 2018 WL 2325020, 248 So. 3d 621. The trial court is ordered to correct this error in the minutes so that the minutes accurately reflect that Austin's sentence was not imposed at hard labor.
CONCLUSION
Gerwanna Austin's conviction and sentence are AFFIRMED.

The judge who sentenced Austin was not the same judge who accepted her guilty plea.